

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH RAY DAVIS | CIVIL ACTION NO. 07-2069 |
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |
| ALVIN JOHNSON | CIVIL ACTION NO. 07-2071 |
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |
| ROBERT MANSON | CIVIL ACTION NO. 07-2072 |
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |
| HENRY LEE MITCHELL | CIVIL ACTION NO. 07-2073 |
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |
| WALTER RAYMOND WILLIAMS | CIVIL ACTION NO. 07-2075 |
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court are five Rule 37 Motions to Dismiss and for Summary Judgment, filed on behalf of defendant, Dolet Hills Lignite Company, L.L.C. [No. 07-2069 Rec. Doc. 57; No. 07-2071 Rec. Doc. 58; No. 07-2072 Rec. Doc. 57; No. 07-2073 Rec. Doc. 59; No. 07-2075 Rec. Doc. 57]. Plaintiffs have not filed responses to these motions. For the reasons assigned herein, defendant's motions are **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

I. **FACTUAL BACKGROUND**

Plaintiffs Kenneth Ray Davis ("Davis"), Alvin Johnson ("Johnson"), Robert Manson ("Manson"), Henry Lee Mitchell ("Mitchell"), and Walter Raymond Williams ("Williams") (collectively "Plaintiffs") are employees of American Electric Power d/b/a Dolet Hills Lignite Company (hereinafter "Dolet Hills"). Prior to initiating this action, Plaintiffs, all African-American males, signed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that they had been subjected to race-based discrimination and harassment in their workplace. After receiving right to sue letters dated November 8, 2006, plaintiffs filed various lawsuits on February 1, 2007, alleging that Dolet Hills created a hostile work environment, retaliated against them on the basis of race, and failed to promote them on the basis of race.[1]

On September 25, 2007, Dolet Hills propounded its First Set of Interrogatories and Requests for Production to Plaintiffs. Dolet Hills did not receive responses from Plaintiffs within the required time period and contacted their counsel on multiple occasions in writing and by telephone in an

---

[1] On May 9, 2008, the Court dismissed the hostile work environment and retaliation claims by Plaintiffs Davis, Johnson, Manson, and Williams as being beyond the scope of their EEOC charges. See No. 07-2069, Rec. Doc. 54. Consequently, only their failure to promote claims remain. Plaintiff Mitchell's retaliation claim was likewise dismissed, but his hostile work environment and failure to promote claims remain. [No. 07-2073, Rec. Doc. 56].

Page 2

attempt to obtain Plaintiffs' discovery responses. See No. 07-2069, Rec. Doc. 48, Exhibits A-C. On November 19, 2007, Dolet Hills filed Motions to Compel in each case, which the court granted. The court ordered Plaintiffs to serve answers and responses to Dolet Hills' written discovery requests by December 10, 2007. Plaintiffs untimely served their discovery responses on December 19, 2007, and failed to provide full and complete answers to interrogatories. See Responses to Interrogatories. On December 26, 2007, Dolet Hills sent a letter to Plaintiffs' counsel requesting complete discovery responses. See No. 07-2069, Rec. Doc. 57, Ex. A. Nevertheless, Plaintiffs failed to supplement their responses.

On January 29, 2008, Dolet Hills filed Rule 37 Motions for All Appropriate Relief, Including Dismissal and Sanctions. See No. 07-2069, Rec. Doc. 48. The Court adopted the Magistrate's Report and Recommendation and granted the motions in part. Plaintiffs were ordered "to serve full and complete responses to the written discovery at issue" within 10 days from the entry of the orders. [No. 07-2069, Rec. Doc. 54; No. 07-2071, Rec. Doc. 55; No. 07-2072, Rec. Doc. 54; No. 07-2073, Rec. Doc. 56; No. 07-2075, Rec. Doc. 54]. Despite the court orders, Plaintiffs again failed to respond or supplement their written discovery responses.

Dolet Hills contends that Plaintiffs have failed to respond to multiple interrogatories and have specifically failed to provide even the basic discovery concerning their claims. [2] Dolet Hills now

---

[2] Dolet Hills propounded Interrogatories to each of the plaintiffs asking them to state with specificity each and every alleged promotion for which they applied and where allegedly denied. Plaintiffs Davis, Manson, Mitchell, and Williams failed to specify a single promotion for which they had applied and/or been denied, nor did they identify the individuals who allegedly denied them a promotion. [No. 07-2069, Rec. Doc. 57, Ex. B; No. 07-2072, Rec. Doc. 57, Ex. B; No. 07-2073, Rec. Doc. 59, Ex. D; No. 07-2075, Rec. Doc. 57, Ex. B]. Alvin Johnson alleged that he applied for a Beltline Job and an Oil Dragline Position, but he did not provide the dates of his alleged applications, the identity of individuals with whom he applied, the date the promotion was allegedly denied, or the identity of the individuals who allegedly denied the promotion. [No.

seeks dismissal of these claims on the ground that Plaintiffs, despite two court orders, have failed to fully and completely respond to Dolet Hill's written discovery requests. Alternatively, Dolet Hills seeks summary judgment on the ground that Plaintiffs cannot prove a *prima facie* case of employment discrimination as all Plaintiffs have failed to produce any evidence in support of their claims of alleged failure to promote and Plaintiff Mitchell has failed to produce sufficient evidence in support of his hostile work environment claim.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss

"A trial is a proceeding designed to be a search for the truth." Sims v. ANR Freight Sys., Inc., 77 F.3d 846, 849 (5th Cir. 1996). "When a party attempts to thwart such a search, the courts are obligated to ensure that such efforts are not only cut short, but that the penalty will be sufficiently severe to dissuade others from following suit." Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 994-95 (Miss. 1999). Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that if a party fails to obey a court order to provide or permit discovery, the court may impose the sanction of "dismissing the action or proceeding in whole or in part." In addition, federal courts are vested with inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). This includes the power to dismiss a case as a sanction for a party's failure to obey court orders." Matter of United Markets Intern., Inc., 24 F.3d 650, 654 (5th Cir. 1994).

Although dismissal is a severe penalty, the sanction is appropriate when "the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff,

---

07-2071, Rec. Doc. 58, Response to Interrogatory No. 21].

and (2) that a lesser sanction would not better serve the best interests of justice." Carter v. Dialysis Clinic, Inc., 234 F.3d 707, 707 (5th Cir. 2000). In closes cases, the court must look to the following factors: (1) whether the delay can be characterized as intentional, willful, or the result of bad faith and not merely an inability to comply; (2) whether the deterrent value of Rule 37 can be achieved by the use of lesser sanctions; and (3) whether the other party's ability to prepare for trial has been substantially prejudiced. Id.; Logic Leasing & Finance Co. v. Admin. Info. Management Group, Inc., 979 F.2d 1535, 1992 WL 352773 (5th Cir. 1992). Another consideration is the extent of plaintiff's personal contribution to the delay. However, dismissal may be appropriate even where the client shares little of the blame. Carter, 234 F.3d 707.

In the instant case, Plaintiffs have failed to fully and completely respond to Dolet Hills written discovery requests for more than a year. Their conduct is in total disregard of two court orders compelling full and complete discovery responses. Specifically, Dolet Hills has not received from any Plaintiff an itemization of special damages, specific facts regarding Dolet Hills' alleged failure to promote plaintiffs, specific facts regarding Mitchell's hostile work environment claim, nor have they received complete responses to 21 of the 22 Requests for Production sent to each Plaintiff.

In applying the factors set forth above, it is apparent that dismissal is warranted. First, Plaintiffs' failure to participate in the discovery process and provide necessary evidence relating to their claims, as well as their failure to comply with court orders, results from willfulness or bad faith, not merely an inability to comply. Second, the deterrent value of Rule 37 would not be achieved by the use of less drastic sanctions. Plaintiffs have twice been ordered by this court to produce the requested information and have steadfastly refused to comply. Third, Dolet Hills' ability to prepare for trial has been substantially prejudiced. Without knowing the specific factual circumstances

surrounding Plaintiffs' application and denial of promotions, as well as the identity of the individuals who have allegedly denied them a promotion, it is impossible for Dolet Hills to prepare an adequate defense.[3] Finally, while there is no direct evidence as to whether the fault lies with Plaintiffs or their counsel, Plaintiffs are bound by the acts of their attorney. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1368 (1962); Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 419 (5th Cir. 2006). Accordingly, Plaintiffs' claims should be dismissed for abuse of the discovery process and failure to comply with court orders.

**B. Motion for Summary Judgment**

**1. Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). A fact is "material" if it can "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Facts that are irrelevant or unnecessary for determination of the suit should not be considered. Id. An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court must "review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence

---

[3]Similarly, without knowing the specific factual circumstances relied on by Plaintiff Mitchell to support his hostile work environment claim, it is impossible for Dolet Hills to adequately prepare a defense.

of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden in one of two ways: (1) show there is no evidence to support an essential element of the plaintiff's claim, or (2) submit summary judgment evidence that negates one of the essential elements of the plaintiff's claim. Celotex, 477 U.S. at 322-24, 106 S.Ct. at 2553; Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990).

Once the moving party carries its initial burden, the burden shifts to the plaintiff who "must set forth facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250; 106 S.Ct. at 2511. The plaintiff "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). The court is to resolve all reasonable doubts about the facts in favor of the plaintiff. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

### 2. Failure to Promote

Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). A plaintiff may prove

employment discrimination through direct or circumstantial evidence. See Laxton v. Gap Inc., 333 F.3d 573, 578 (5th Cir. 2003). When there is no direct evidence of discrimination, as in this case, a plaintiff's claims are evaluated using the evidentiary framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under the McDonnell Douglas framework, in order to survive a motion for summary judgment, the plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence. Id. A *prima facie* case can be establishing by showing: (1) that the plaintiff is a member of a protected class; (2) that he applied for and was qualified for a position for which the employer was seeking applicants; (3) that he was rejected; and (4) that after his rejection, the position remained open and the employer continued to seek applicants. Id. at 802. In the matters before this court, Plaintiffs have proven that they are members of a protected class, but there is no evidence concerning the remaining elements of employment discrimination through an alleged failure to promote.

In Dolet Hills' First Set of Interrogatories, Plaintiffs were asked to state with specificity each and every alleged promotion for which they applied and were allegedly denied, including (a) each position for which they applied, (b) the date of application for each position applied, (c) the individual at Dolet Hills through which they applied and/or submitted an application, (d) the manner and date in which they were allegedly denied each position, and (e) the individual who allegedly denied each position for which they applied. See No. 07-2069, Interrogatory No. 22.

Plaintiffs Davis, Manson, Mitchell, and Williams each responded:

> When I was first employed by DHLC positions were posted on the board, but that abruptly stopped. There were no more postings but positions were being filled by white employees. So in effect I was never given the opportunity to apply for positions.
> (b) Please see my answer to a.

Page 8

(c) Please see my answer to a.
From the conduct of management in encouraging an atmosphere where black employees where treated subhuman, I believe that all management was a part of denying myself and other black employees opportunities for promotion.

[No. 07-2069, Rec. Doc. 57, Response to Interrogatory No. 22; No. 07-2072, Rec. Doc. 57, Response to Interrogatory No. 21; No. 07-2073, Rec. Doc. 59, Response to Interrogatory No. 22; No. 07-2075, Rec. Doc. 57, Response to Interrogatory No. 22]. None of them specified a single promotion for which they had applied or been denied, nor did they identify the individuals who allegedly denied them a promotion. Plaintiff Johnson did allege that he had applied for a Beltline Job and an Oil Dragline Position, but he did not provide the dates of his alleged applications, the identity of individuals with whom he applied, the date the promotion was allegedly denied, or the identity of the individuals who allegedly denied the promotion. [No. 07-2071, Rec. Doc. 58, Interrogatory No. 21].

In responding to other Interrogatories, the Plaintiffs merely referred to their complaints for details surrounding the alleged failure to promote rather than providing specific facts to support their claims. However, such references are meaningless as the conclusory allegations found in their complaints are insufficient to establish a *prima facie* case of discrimination.

Plaintiffs were also asked to produce any and all documents relating to their employment with Dolet Hills. See Requests for Production No. 1. Plaintiffs did not produce any of the requested documents and simply responded, "None at this time if any are produced they will be compiled and forwarded." See Responses to Request for Production No. 1. Dolet Hills also requested any and all documents concerning the acts and/or omissions of Dolet Hills relating to or giving rise to the claims and allegations of Plaintiffs' complaints. Plaintiffs responded: "Discovery responses are continuing

Page 9

in nature and deponent will provide a response and forward to opposing counsel as soon as information requested is obtained and compiled." See Responses to Request for Production No. 2. In fact, Plaintiffs gave this same response to 18 of 22 Requests for Production. And despite the fact that these discovery requests were propounded approximately one year ago, the only documents that have been produced by Plaintiffs are copies of statements submitted to the EEOC, incomplete tax records from selected years[4], and medical releases. None of the produced documents relate to the allegations of their complaints nor do they contain any evidence that would establish a *prima facie* case of employment discrimination under the McDonnell Douglas framework.

Additionally, Dolet Hills produced affidavits of Dennis Meyer, the General Manager of Dolet Hills, in support of their Motions for Summary Judgment. As General Manager, he is the person who has the final decision-making authority on issues relating to employee promotions and is familiar with the employment history of Plaintiffs. His affidavit testimony establishes that, despite Plaintiffs' allegations, Dolet Hills has no record of any of the Plaintiffs ever applying for a promotion.

With respect to the employment history of Plaintiffs Davis, Manson, Mitchell, and Williams, Mr. Meyer states:

> There have been multiple job postings at Dolet Hills Lignite Company and, since at least 2001 (the date Dolet Hills Lignite Company was formed and began operations), [Plaintiff] has never responded to any job posting for an open position at Dolet Hills Lignite Company. Moreover, [Plaintiff] never complained to me about the manner in which open positions at Dolet Hills Lignite Mine were filled.

---

[4] Davis did not submit tax returns for 2002 nor W-2's from tax years 2003-2007. Johnson and Manson did not submit tax returns for 2002 or W-2's from tax years 2002-2007. Mitchell did not produce tax returns for 2002, W-2's from tax years 2003-2006, nor a Schedule F from tax year 2007.

> For specific examples, job postings for the assignment of Temporary Supervisor were made on three occasions—February 11, 2005, August 2, 2006, and October 11, 2007. None of the plaintiffs ever requested to be considered for a Temporary Supervisor assignment.

[No. 07-2069, Rec. Doc. 57, Ex. E ¶ 4-5; No. 07-2072, Rec. Doc. 57, Ex. E ¶ 4-5; No. 07-2073, Rec. Doc. 59, Ex. F ¶ 4-5; No. 07-2075, Rec. Doc. 57, Ex. E ¶ 4-5].

With respect to the employment history of Alvin Johnson, Meyer states that he has no personal knowledge of Johnson ever applying for a Beltline Operator Position or a Dragline Oiler Position, nor does Dolet Hills have any records of such applications. Moreover, even if Johnson had applied, the Beltline Operator is compensated at the same pay grade as Johnson's current position and is not considered to be a promotion. [No. 07-2071, Rec. Doc. 58, Ex. E ¶ 4].

As previously found by the magistrate, "[Plaintiffs] responses to Dolet Hills written discovery requests are woefully inadequate. They are no more useful to Defendant than no response at all." See No. 07-2069, Rec. Doc. 53. Plaintiffs, having completely failed to respond and oppose defendant's motions, are thus unable to demonstrate that there is a genuine issue for trial. Accordingly, due to the complete lack of evidence as to three of the four elements of employment discrimination under the McDonnell Douglas framework, Dolet Hills is entitled to summary judgment as a matter of law on Plaintiffs' failure to promote claims.

### 3. Hostile Work Environment

To prevail on a hostile work environment claim, a plaintiff must prove that: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) such harassment was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and

failed to take prompt remedial action. Baker v. FedEx Ground Package Sys., Inc., 278 Fed.App. 322, 328 (5th Cir. 2008) (citing Ramsey f. Henderson, 286 F.3d 264, 268 (5th Cir. 2002)). It is undisputed that Mitchell is a member of a protected class. For purposes of summary judgment, the court will accept the allegations in his complaint as true and find that he has been subjected to unwelcome harassment and that this harassment was based on race. However, there is no evidence in the record that the harassment affected a term, condition or privilege of employment or that Dolet Hills knew or should have known about the harassment.

For harassment to affect a term, condition, or privilege of employment, it must be sufficiently severe or pervasive. E.E.O.C. v. WC&M Enterprises, Inc., 496 F.3d 393, 399 (5th Cir. 2007). The conduct complained of must be both objectively and subjectively offensive. In other words, "not only must the victim perceive the environment as hostile, the conduct must also be such that a reasonable person would find it to be hostile or abusive." Id. In determining whether the work environment is objectively hostile or abusive, courts must look to the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 787-88, 118 S.Ct. 2275, 2283 (1998). As a general rule, simple teasing, offhand comments, and isolated incidents will not amount to a hostile work environment. See id.

Mitchell vaguely alleges that he found a hangman noose in his workspace in 2000 and that Dolet Hills failed to take remedial action. [No. 07-2073, Rec. Doc. 1, ¶ 12]. But despite being asked to provide the specific facts and circumstances surrounding this incident, Mitchell did not specify any facts or the date that the incident occurred. [No. 07-2073, Rec. Doc. 59, Ex. D]. As Dolet Hills

points out, this isolated incident clearly did not destroy his ability to succeed in the workplace as Mitchell continued his duties and remains employed with Dolet Hills to this day, nearly nine years later.

Mitchell also alleges that white employees wrote racial epithets on the bathroom walls. [No. 07-2073, Rec. Doc. 1, ¶ 15]. But like his other claims, he failed to provide specific details beyond the vague and conclusory allegations of his complaint. See Response to Interrogatory No. 19 and 21. Thus, there is no evidence in the record to demonstrate that the alleged harassment was severe or pervasive, or that it affected a term, condition, or privilege of his employment.

More importantly, Mitchell admits that he did not report either of these incidents to management. Id. Consequently, because there is no evidence that Dolet Hills either knew or should have known of the harassment, Mitchell is unable to prove two of the essential elements of his claim. Accordingly, Dolet Hills is entitled to summary judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and for Summary Judgment is hereby **GRANTED** and the claims by Plaintiffs are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of December, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

Page 13